UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrew Cohen,<br>Individually, and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br>      -v-<br><br>Petro, Inc.,<br><br>                             Defendant. | Civ. Action #:<br><br>**Complaint**<br>(Collective and Class Action)<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Andrew Cohen ("Plaintiff," or "Cohen"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Petro, Inc. ("Defendant" or "Petro"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate and 1.5 times the applicable New York State minimum wage rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

1

3. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees of Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they: 1) were employed by Defendant within the State of New York as manual workers within the six-year period preceding the filing of this action to the date of disposition of this action; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees of Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are also entitled to recover: 1) compensation for not receiving notices and statements required by NYLL 195, and 2) full payment for all unpaid commissions, under Article 6 of the New York Labor Law including Section 191, 193, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

8. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of

2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. The members of the proposed class are citizens of states different from that of Defendant.

10. There are over 100 members in the proposed class.

11. Defendant is subject to personal jurisdiction in New York.

12. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## THE PARTIES

13. Plaintiff Andrew Cohen ("Plaintiff" or "Cohen") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

14. Upon information and belief and at all times relevant herein, Defendant Petro, Inc. was a foreign for-profit corporation that did business in New York.

15. Upon information and belief, and at all times relevant herein, Defendant Petro had a place of business at 55-60 58th Street Maspeth, NY 11378 where Plaintiff was employed.

## STATEMENT OF FACTS

16. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing equipment and energy to building and homeowners in several states, including in New York State.

17. Upon information and belief, and at all relevant times herein, Defendant employed over 500 employees at any given time and about more than 1500 employees during the class period.

18. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL 190, 191 – engaged in motor vehicle operation, packing, loading,

unloading and using tools and equipment as a customer service personnel throughout his workday.

19. Plaintiff Cohen was employed by Defendant from on or about January 18, 2019 to on or about May 1, 2020.

20. At all times relevant herein, Plaintiff worked approximately 47.5-57 hours a week for Defendant, and sometimes more – five (5) to six (6) days a week.

21. Upon information and belief and at all times relevant herein, Plaintiff was paid at an effective hourly rate of about $9.47 to $9.57 an hour each week, during his employment with Defendant, plus some commissions about once per month or later.

22. In additional to the weekly wages, Plaintiff was entitled to receive commission wages as part of the terms and conditions of his employment. However, in breach of the employment and commissions agreement, Defendant has refused/failed to pay and still owes Plaintiff about $4,226 in earned commissions over the period of his employment with Defendant.

23. At all times relevant herein, and in breach of the commission agreements and practice it had with Plaintiff and the putative class, Defendant has refused/failed to pay commission wages/payments earned, due and owed to Plaintiff and the putative class until a furlough period imposed by Defendant ends, in violation of NYLL including NYLL 191, 193.

24. At all times relevant herein, Plaintiff and the putative class members were paid on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff and the class with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain the weekly hours worked by Plaintiff, among other deficiencies.

27. Plaintiff's hours worked and wages paid will be refined after Defendant produces

28. employment, time and wage records it was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (12 NYCRR 142-2.6 and NYLL 195) – *accurate* copies of such records are referenced and incorporated herein.

28. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay and 1.5 times the applicable New York State minimum wage rate for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

29. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

30. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b) and incorporates by reference the allegations in paragraphs 1 through 29 above as if set forth fully and at length herein.

31. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

32. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

33. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant who: 1) worked more than forty hours in a week, and within at least the three-year period preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

34. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are approximately over 1500 members of the class during the class period.

35. The class definition will be refined as is necessary, including after discovery if necessary.

36. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

37. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

38. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

39. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

40. Due to Defendant's FLSA violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

41. Plaintiff alleges on behalf of himself and all others similarly situated as class members and

6

incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

42. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43. The class of similarly-situated individuals as to the second cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) worked more than 40 hours in a week; and 2) were not paid at least 1.5 times their regular rate of pay for each and all hours over 40 hours in a week; and 3) were not paid at least 1.5 times the applicable New York minimum wage rate for each and all hours over 40 hours in a week, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

44. The class definition will be refined as is necessary, including after discovery if necessary.

45. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 1500 members of the class during the class period.

46. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

47. Upon information and belief, there are questions of law or fact common to the class – whether Plaintiff and the putative class members were paid at least 1.5 times their regular rate and 1.5 times the applicable New York minimum wage rate for each and all hours over 40 in a week.

48. Upon information and belief, the claims of the representative party are typical of the claims of the class.

49. The representative party will fairly and adequately protect the interests of the class.

50. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

51. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate and at least 1.5 times the applicable NYS minimum wage rate for each and all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

53. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

54. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff and the putative class members at least 1.5 times their regular rate and 1.5 times the applicable New York minimum wage rate for each and all hours over 40 in a week, in violation of 12 NYCRR § 142-2.2.

## **Relief Demanded**

55. Due to Defendant's NYLL overtime violations, Plaintiff and all those similarly situated, are

entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 191, 198  - Untimely Wage Payments)

56. Plaintiff alleges on behalf of himself and all others similarly situated and incorporates by reference the allegations in paragraphs 1 through 54 above.

## CLASS ALLEGATIONS

57. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

59. The class definition will be refined as is necessary, including after discovery if necessary – the class also includes drivers, helpers, loaders, etc.

60. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 1500 members of the class during the class period.

61. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

62. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

63. Upon information and belief, the claims of the representative party are typical of the claims

9

of the class.

64. The representative party will fairly and adequately protect the interests of the class.

65. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 190(1)(a).

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

68. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

69. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191 (1)(a).

## Relief Demanded

70. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 & Contract
## (Unpaid Commissions, Wage Statement/Notice Claims)

71. Plaintiff alleges on behalf of herself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 70 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

72. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

73. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) were not paid their earned commission wages/payments, as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

74. The class as to the claims for unpaid commissions includes but is not limited to those current and former employees of Defendant who were not paid their earned commissions because of Defendant's recently announced policy of withholding payment of such commissions until Defendant's furlough period is over.

75. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), and 2) were not provided with the statement(s) required by NYLL 195(3).

76. The class definition will be refined as is necessary, including after discovery if necessary.

77. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 1500 members of the classes during the class period.

78. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

79. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3), and (c) whether Defendant failed to pay earned Plaintiff earned commissions in violation of their commission agreements/contract and NYLL including NYLL 191, 193.

80. Upon information and belief, the claims of the representative party are typical of the claims of the class.

81. The representative party will fairly and adequately protect the interests of the class.

82. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

83. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, Defendant failed and/or refused to reimburse Plaintiff and the putative class members for all commissions earned, in violation of their commission agreements/contracts and NYLL including NYLL 191, 193 and the regulations thereunder.

    (c) whether Defendant failed to provide Plaintiff and the putative class members with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

84. A class action is superior to other available methods for the fair and efficient adjudication of

the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

85. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

86. At all times relevant herein, Defendant failed to pay and failed to pay Plaintiff and all those similarly-situated as class members, their commissions earned, in violation of their commission agreements/contracts with Defendant and NYLL 191, 193 and the regulations thereunder.

87. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

88. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## **Relief Demanded**

89. Due to Defendant's violations of the commission agreements/contracts and NYLL 191, 193, 195 and 198, and the regulations thereunder, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, their unpaid earned and overdue commissions, maximum liquidated damages – including liquidated damages on all wages paid late, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198, Contract

90. Plaintiff alleges on behalf of *himself* and incorporates each and every allegation contained in paragraphs 1 through 89 above with the same force and effect as if fully set forth at length herein.

91. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

92. Defendant violated and willfully violated Plaintiff commission agreement/contract and NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all wages due to him, including his overtime wages (i.e. 12 NYCRR 142-2.2), non-overtime and minimum wages (i.e. 12 NYCRR 142-2.1) and commission wages/payments (i.e. NYLL 191, 193), Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

93. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendant to comply with NYLL 195(1).

94. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

95. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, all of his unpaid wages,

including his unpaid overtime wages, non-overtime wages, minimum wages, unpaid earned commissions, maximum liquidated damages – including maximum liquidated damages on all wages paid late, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

96. Certify this case as a class action pursuant to FRCP Rule 23 et Seq.;

97. Declare Defendant to be in violation of the rights of Plaintiff and class members under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

98. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

99. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

100. As to the **Third Cause of Action**, award Plaintiff and those similarly situated as class members, interest and maximum liquidated damages on all wages paid later than weekly plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

101. As to the **Fourth Cause of Action**, award of Plaintiff and those similarly situated as class members, earned unpaid commissions plus maximum liquidated damages – including maximum liquidated damages on commission wages paid late, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to 12 NYCRR 142-2.10, N.Y. Labor Law § 190 et seq. including § 198.

102. As to the **Fifth Cause of Action**, award Plaintiff all of his unpaid wages, including his unpaid overtime wages, non-overtime wages, minimum wages, unpaid earned commissions, maximum liquidated damages – including maximum liquidated damages on all wages paid late, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

103. Award plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

104. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         May 31, 2020

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*