# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

**August 13, 2020**

**Via ECF**

Hon. Sanket J. Bulsara, USMJ
United States District Court, EDNY
225 Cadman Plaza East, Courtroom N324
Brooklyn, NY  11201
Tel: (718) 613-2550

<u>Re: Cohen v. Petro, Inc.</u>
Case No: 20-CV-02409 (ARR)(SJB)
Motion for Settlement Approval

Dear Magistrate-Judge Bulsara:

My firm represents plaintiff Andrew Cohen ("Plaintiff" or "Cohen") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's orders. Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a fully executed settlement agreement.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid minimum wages, overtime wages, spread of hour wages and reimbursements under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

Based on the allegations in the complaint Plaintiff is owed unpaid wages of approximately $24.205.12 ($18,325.12 unpaid minimum wages, and $5,880 in unpaid overtime wages), under the NYLL six-year statute of limitations period – about $3,731.84 in unpaid FLSA wages, plus an additional $4,226 in unpaid commissions. Plaintiff was employed by Defendants from on or about January 18, 2019 to on or about May 1, 2020. The complaint in this action was filed on May 31, 2020. (See ECF No. 1).

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and

1

NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

It is Defendant's position that Plaintiff is not entitled to overtime wages under the outside salesperson exemption of the FLSA and NYLL. (See ECF No. 10 – *Motion for Pre-Motion conference in anticipation of motion to dismiss*). Defendant may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense – including liquidated damages on the manual worker and commissions claims. Defendant also disputes the work hours alleged by Plaintiff. In general Defendant denies Plaintiff's allegations.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA.

The total settlement amount is $36,470. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $24,000 (See Ex. 1 ¶ 2(a)) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 3(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owes his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher contingency fees in other cases. See i.e *Reid et al v. Dan Yant, Inc. et al,* Case No. 15-CV-02358 (Magistrate-Judge Bulsara - EDNY, April 23, 2019)(Approving a 1/3 contingency fee of about $46,408 under Cheeks); *Kumar v. Astoria Center Inc. et al*, Case No. 19-cv-02497 (Magistrate-Judge Bulsara, April 22, 2020)

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

 The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

 See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He argued a number of significant employment cases before the Second Circuit.").

(Approving a 1/3 contingency fee of $9,047 under *Cheeks*); *Tanooli v. Distinctive Maintenance Company Inc.*, Case No. 18-CV-04689, ECF No. 23 (Judge Caproni – October 19, 2018)(Approving a 1/3 contingency fee of $13,179 under Cheeks); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Hosein v. Universal Elevator Inc. et al*, Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks).

      In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive a lot less. Second, the amount Plaintiffs are due to receive under the settlement is not insignificant in light of the factual and legal issues in the case. Third, there appears to be a desire by all parties to resolve the case and avoid the significant financial and non-financial costs/harms of further litigation.

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

      We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**    **Defense Counsel via ECF**